# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1370

_____

Laurence Elena Maravilla; William Enrique Castro-Maravilla,

*Petitioners*,

v.

Jefferson B. Sessions, III, Attorney General of the United States,

*Respondent*,

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: August 11, 2017
Filed: August 16, 2017
[Unpublished]

_____

Before COLLOTON, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Salvadoran citizens Laurence Elena Maravilla and her minor son, William Enrique Castro-Maravilla (William) petition for review of an order of the Board of Immigration Appeals (BIA) dismissing their appeal from an immigration judge's (IJ's) decision. Petitioners challenge the denial of Maravilla's requests for asylum and withholding of removal, based on her membership in certain particular social

groups, and they challenge the IJ's denial of both Maravilla's and William's requests for relief under the Convention Against Torture (CAT).[1] Petitioners contend (1) the agency erroneously concluded that Maravilla did not show one central reason members of a gang targeted her for extortion was because she was the mother of a boy the gang members sought to recruit; (2) the BIA engaged in impermissible fact-finding when it discussed the IJ's findings; and (3) the agency disregarded significant evidence when it concluded that petitioners failed to show it was more likely than not that a public official would consent or acquiesce to their torture. We determine that the BIA's discussion did not reflect impermissible fact-finding, and we conclude that substantial evidence supports the agency's denial of relief. *See Fesehaye v. Holder*, 607 F.3d 523, 526 (8th Cir. 2010).

First, we conclude that Maravilla failed to establish that her membership in any of her proposed groups was at least one central reason for the extortion she experienced and the future harm she fears. *See Matter of L-E-A-*, 27 I. & N. Dec. 40, 43-46 (BIA 2017) (interpreting "one central reason" test for nexus in asylum); *cf. Cambara-Cambara v. Lynch*, 837 F.3d 822, 826 (8th Cir. 2016) (affirming denial based on lack of nexus between harm and status as family members). Because Maravilla did not meet her burden of proof for asylum, she necessarily could not satisfy withholding of removal's higher standard. *See Ngugi v. Lynch*, 826 F.3d 1132, 1139 (8th Cir. 2016). Finally, as to petitioners' CAT claim, we agree there was insufficient evidence that the government would torture them or acquiesce in any torture. *See Cambara-Cambara*, 837 F.3d at 826-27. The petition for review is denied. *See* 8th Cir. R. 47B.

_____

_____

[1]Petitioners' brief makes no arguments regarding William's asylum and withholding-of removal claims; thus, they are abandoned. *See Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004).